**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GRATUITY SOLUTIONS, LLC  and GRATUITY, LLC, | |
| *Plaintiffs,* | C.A. No.  1:22-cv-11539-JEK |
| v. | |
| TOAST, INC., | |
| *Defendant.* | |

**PLAINTIFFS GRATUITY SOLUTIONS, LLC AND GRATUITY, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO CONSOLIDATE**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

   **A.** Summary of Relevant Facts ........................................................................... 1

II.     ARGUMENT ...................................................................................................... 3

   **A.** Legal Standards............................................................................................. 3

      **1.** The Two Cases Involve Identical Parties, Common Issues of Fact, and Overlapping Witnesses and Evidence................................................................................... 3

      **2.** Toast Admits There is No Prejudice and Recognizes Consolidation is Appropriate... 4

   **B.** The Court Should Exercise Its Discretion and Consolidate the Cases ............................... 5

   **C.** Granting Gratuity's Motion Will Conserve Judicial Resources and Promote Efficiency .. 5

III.    CONCLUSION................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Takeda Pharm. U.S.A. Inc.*,
 20-11452-LTS,
 2020 WL 9848781 (D. Mass. Sept. 9, 2020) ............................................................................... 3

*Hall v. Hall*,
 138 S. Ct. 1118 (2018) ................................................................................................................... 3

*Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp.*,
 878 F.2d 5 (1st Cir. 1989) ......................................................................................................... 3, 5

**Rules**

Fed. R. Civ. P. 42 ............................................................................................................................ 3

I.    **INTRODUCTION**

Plaintiffs Gratuity Solutions, LLC and Gratuity, LLC ("Plaintiffs" or "Gratuity") seek

consolidation of the remaining breach of contract count in the above-captioned case with the case

recently transferred to this Court from the U.S. District Court for the Middle District of Florida,

captioned Gratuity Solutions, LLC and Gratuity, LLC v. Toast, Civ. A. No. 1:25-cv-10948-JEK

("the transferred action").  The transferred action includes four counts including: (1)

misappropriation of trade secrets under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836;

(2) misappropriation of trade secrets under the Florida Uniform Trade Secrets Act, §688.001 *et*

*seq.*; (3) civil conspiracy under Florida law; and (4) intentional interference with contract under

Florida law.  Although the counts in the transferred action involve different legal theories

requiring different evidentiary proofs than the breach of contract count in the above-captioned

case, for purposes of discovery and trial, it would be more convenient and efficient for the court,

the witnesses, and counsel to consolidate the actions given the common parties, similar

technology, possible witnesses, and in some case, evidence.  Further, by consolidating the

actions, there would be no prejudice to Toast, which would not be subject to serial discovery and

trial in multiple actions.

A.    **Summary of Relevant Facts**

 On September 19, 2022, Gratuity filed this action alleging infringement of U.S. Patent

No. 10,726,436 ("the '436 patent") and 9,741,050, ("the '050 patent"), and a count for Breach of

Contract.  (D.I. 1.)  On November 4, 2022, Toast moved to dismiss both the '436 and '050

patents as patent ineligible under 35 U.S.C. §101, (D.I. 14), which the court granted in part with

respect to the '436 patent. (D.I. 48.) On September 18, 2023, Toast petitioned the U.S. Patent and

Trademark Office for *Inter Partes* Reexamination ("IPR") of the remaining '050 Patent, which

the Patent Trial and Appeal Board ("PTAB") instituted on March 27, 2024.  On April 3, 2024,

Toast moved to stay the patent action pending IPR, (D.I. 98), which the Court granted on April 24, 2024. (D.I. 109.)

On September 16, 2024, Plaintiffs filed their Second Amended Complaint, in the U.S. District Court for the Middle District of Florida alleging four counts:  (1) Trade Secret Misappropriation under the federal Defend Trade Secrets Act, 18 U.S.C. §1836 ("DTSA"); (2) Trade Secret Misappropriation under the Florida Uniform Trade Secret Act, Fla. Stat. §688.001 *et seq.* ("FUTSA"); (3) Civil Conspiracy to Misappropriate Trade Secrets under Florida law; and (4) Intentional Interference with Contract under Florida law.  (Civ. A. No. 2:24-cv-00737 at D.I. 1.)  On October 14, 2024, Toast moved to dismiss the Florida action or, in the alternative, to transfer that action to the U.S. District Court for the District of Massachusetts based on the first-to-file rule.  (*Id.* at D.I. 54.)

On December 16, 2024, Magistrate Judge Mizell of the U.S. District Court for the Middle District of Florida held a hearing on Toast's motion, (D.I. 77), and on February 28, 2025, issued his Order recommending that the case be transferred.  (D.I. 85.)  Although Plaintiffs' filed objections to the Magistrate's recommendation to transfer the case based on distinctions in the causes of action, their underlying evidentiary proofs, witnesses, and timing of the misappropriation, (D.I. 86), Judge Badalamenti nonetheless ordered transfer of the action to this district on April 7, 2025. (D.I. 88.)

Once transferred, on April 18, 2025, this Court denied Plaintiffs' Motion for a Preliminary Injunction, (D.I. 94) and ordered Toast to refile its pending Motion to Dismiss, (D.I. 95), which Toast did on May 9, 2025.  (D.I. 105.)  Plaintiffs filed their Opposition under seal on May 23, 2025.

Meanwhile, on March 24, 2025, the PTAB issued its Final Written Decision regarding the '050 patent, finding all thirteen (13) claims unpatentable over the cited prior art. That Final Written Decision has been appealed. (*See* Ex. 1, Toast Inc. v. Gratuity LLC, IPR2023-1408 Paper 30.) On April 7, 2025, this Court lifted the stay, (D.I. 115), and ordered the parties to submit their Joint Status Report, (D.I. 114), which the parties submitted on April 21, 2025. (D.I. 116.) Plaintiffs now move to consolidate the two actions.

## II.    ARGUMENT

### A.    Legal Standards

Under the Federal Rules of Civil Procedure, a court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The First Circuit employs a two-part framework for determining consolidation. *Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp.*, 878 F.2d 5, 8 (1st Cir. 1989). "The threshold issue is whether the two proceedings involve a common party and common issues of fact or law." *Id.* "Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.* "A motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'" *Id.* Further, this Court "enjoys substantial discretion in deciding whether and to what extent to consolidate cases[.]" *See Allen v. Takeda Pharm. U.S.A. Inc.*, 20-11452-LTS, 2020 WL 9848781 *4-5 (D. Mass. Sept. 9, 2020) (internal quotes omitted) (quoting *Hall v. Hall*, 138 S. Ct. 1118, 1129-31 (2018).

### 1.    The Two Cases Involve Identical Parties, Common Issues of Fact, and Overlapping Witnesses and Evidence

Toast has never disputed the two actions have identical named parties. (D.I. 54 at 7.) To be sure, the transferred trade secret action implicates several members of Toast's Customer Advisory Board and Toast's product development personnel that may not be implicated in the

Breach of Contract count.  (D.I. 50 at ¶6.)  And although Plaintiffs maintained that there are significant differences in the two cases including separate legal theories of liability each having their own witnesses and evidentiary proofs, consolidation is still warranted given the similarity and overlap in the background of the dispute, and the timeline of Toast's unauthorized use of Gratuity's confidential and trade secret materials.  Indeed, as Magistrate Judge Mizell noted during the hearing on Toast's Motion to Transfer, despite any additional Toast actors/witnesses or difference in legal causes of action, there is still sufficient "similarity and overlap" between two actions to warrant transfer, (D.I. 85 at 4-5), and which similarly support Plaintiffs' motion to consolidate.

### 2.     Toast Admits There is No Prejudice and Recognizes Consolidation is Appropriate

Moreover, even after transfer to this district, Toast has noted its desire to resolve all outstanding claims.  (Case No. D.I. 116 at 3.)  Toast certainly saw no prejudice in transferring the case to Massachusetts to resolve all disputes together.  Moreover, while Toast first seeks resolution of its renewed Motion to Dismiss in the transferred case prior to any consolidation, (Civ. Action 1:25-cv-10948-JEK at D.I. 107), Toast certainly recognizes consolidation is appropriate, stating "given the degree of overlap between the breach of contract claim and the trade secret case, Toast proposes that discovery in both cases be stayed until the Court decides Toast's motion to dismiss in the Transferred Case. Once Toast's motion to dismiss is decided, Toast anticipates the parties can reach agreement on a schedule that tracks the timeline proposed by Gratuity in its proposed schedule."  (D.I. 116 at 6.)  Notably, Gratuity's proposed timeline is for the consolidated cases.

4

B.      **The Court Should Exercise Its Discretion and Consolidate the Cases**

The Court has broad discretion to consolidate cases when two factors are shown.  First, satisfying the first "common parties" requirement, the named parties in both actions are identical. *Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp.*, 878 F.2d 5, 8 (1st Cir. 1989).  Second, as Magistrate Judge Mizell found and Judge Badalamenti affirmed, the "similarity and overlap" between two actions warranted transfer, and equally support consolidation of the cases.  Finally, as Toast saw no prejudice in transferring the case to Massachusetts and, because, "[a] motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice,'" (*id.*), the Court should grant Gratuity's Motion to Consolidate.

C.      **Granting Gratuity's Motion Will Conserve Judicial Resources and Promote Efficiency**

Moreover, consolidation of the cases will conserve judicial resources, and will be more convenient to the Court, the witnesses, the experts, and counsel.  First, the Court will not have to hear and try two similar actions.  Given the overlap in witnesses and issues, not only will judicial resources be conserved by consolidating the two actions for discovery and trial, it will also promote efficiency for all to the extent witnesses and evidence overlap between the actions.  To be sure, Plaintiffs maintain that there are still substantial differences in the evidence to prove the causes of action as between the two lawsuits.  However, those differences did not prevent transfer and, for the same reasons, should not impact consolidation of the cases.

III.    **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Consolidate should be granted.

5

Dated: May 27, 2025

*/s/ Alan Wright*
Raymond P. Ausrotas (BBO #640315)
RAusrotas@arrowoodllp.com
William F. McGonigle (BBO #569490)
wmcgonigle@arrowoodllp.com
**ARROWOOD LLP**
10 Post Office Square, 7th Floor South
Boston, MA 02109
Tel: (617) 849-6200

Alan A. Wright (*pro hac vice*)
awright@devlinlawfirm.com
Timothy Devlin (*pro hac vice*)
tdevlin@devlinlawfirm.com
**DEVLIN LAW FIRM LLC**
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449–9010

*Attorneys for Plaintiffs*
*Gratuity Solutions, LLC and*
*Gratuity, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, a true and correct copy of the foregoing document was filed via the CM/ECF system and was served electronically to registered participants as indicated on the Notice of Electronic Filing (NEF).

*/s/ Alan A. Wright*
Alan A. Wright

6