**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GRATUITY SOLUTIONS, LLC and GRATUITY, LLC,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TOAST, INC.,<br><br>　　　　Defendant. | Civil Action No. 1:22-cv-11539-JEK |

**DEFENDANT TOAST, INC.'S RESPONSE TO PLAINTIFFS GRATUITY SOLUTIONS, LLC AND GRATUITY, LLC'S MOTION TO CONSOLIDATE CASES**

Defendant Toast, Inc. ("Toast") files this response to Plaintiffs Gratuity Solutions, LLC and Gratuity, LLC's (collectively, "GS") Motion to Consolidate Cases. Docket No. 119. GS seeks consolidation of this action and *Gratuity Solutions, LLC and Gratuity, LLC v. Toast, Inc.*, Civil Action No. 1:25-cv-10948-JEK (D. Mass.), a separate action pending in this Court concerning trade secret misappropriation and related tort claims (the "Trade Secret Action"). While this action was pending and instead of seeking leave to amend their complaint, GS filed the Trade Secret Action in the Middle District of Florida, alleging new claims that arose from the same nucleus of operative facts as those alleged as the basis for this action. Now that the Florida court transferred the Trade Secret Action to Massachusetts where GS should have filed it in the first instance, GS seeks to consolidate the two actions. In short, GS's Motion to Consolidate is untimely and should be denied without prejudice.

As described in the parties' Joint Status Report (Docket No. 116 at 6), the two actions are not ripe for consolidation until at least after the pleadings have closed in the Trade Secret Action.

1

Specifically, consolidation is improper as a motion to dismiss is pending in the Trade Secret Action that, if granted, would render GS's request moot. *See Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 41 (1st Cir. 2013) (noting the district court's decision to "defer ruling on defendants' motion to consolidate the two actions until it resolved the motions to dismiss, as the dismissal of the complaints would moot the consolidation request"); *Costa v. Zurich Am. Ins. Co.*, No. 24-CV-10961-DJC, 2024 WL 5057723, at *4 (D. Mass. Dec. 10, 2024) (noting that "[t]he Court denied the motion to consolidate without prejudice to renew after resolution of the motions to dismiss"). Indeed, after GS contacted Toast on May 27 seeking its position, Toast made clear its position that GS's motion is premature and that if "any claims remain after the Court resolves the motion to dismiss, Toast's position is that consolidation may be appropriate depending on the remaining claims." Ex. A. GS nonetheless insisted on burdening the Court with its motion.

Accordingly, GS's Motion to Consolidate should be denied without prejudice. Toast will meet and confer with GS on its request, if still necessary, after Toast's Motion to Dismiss in the Trade Secret Action is decided.

2

Dated: June 10, 2025

/s/ Srikanth K. Reddy
Srikanth K. Reddy (BBO No. 669264)
Kate MacLeman (BBO No. 684962)
Tara Thigpen (BBO No. 707508)
Jordan F. Bock (BBO No. 708171)
Anna S. Zhou (BBO No. 711776)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Fax: (617) 523-1231
SReddy@goodwinlaw.com
KMacleman@goodwinlaw.com
TThigpen@goodwinlaw.com
JBock@goodwinlaw.com
AZhou@goodwinlaw.com

Andrew Ong (admitted *Pro Hac Vice*)
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94603
Tel: (650) 752-3100
Fax: (617) 853-1038
AOng@goodwinlaw.com

*Attorneys for Defendant Toast, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed via the CM/ECF system and was served electronically to registered participants as indicated on the Notice of Electronic Filings (NEF) on June 10, 2025.

/s/ Srikanth K. Reddy
Srikanth K. Reddy

3